UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL H. SINGER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-cv-8771 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHARLES R. FELDSTEIN & CO., INC., | ) |
| CHARLES R. FELDSTEIN, and | ) |
| JAMES F. FELDSTEIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Paul Singer filed a Motion to Enforce Settlement Agreement [50] against Charles R. Feldstein & Co., Inc., Charles R. Feldstein, and James F. Feldstein (collectively, "Defendants"). That Motion is granted in part and denied in part.

## BACKGROUND

On December 9, 2011, Plaintiff filed a lawsuit against Defendants, alleging violations of the Employee Retirement Income Security Act of 1974 and breach of contract. (Ex. A at 1.) Subsequently, on November 15, 2012, Defendants executed a "Confidential Settlement and Mutual General Release Agreement," whereby Defendants agreed to make an initial payment to Plaintiff in the sum of $30,000.00, followed by twenty-eight (28) monthly payments to begin on February 28, 2013. (*Id*. at 2.)

Shortly thereafter, on March 19, 2013, all parties to the litigation filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Ex. B at 1.) In the stipulation, the parties stated that:

> The terms of the "Confidential Settlement and Mutual General Release Agreement" executed between the parties is embodied in this stipulation of

dismissal and is herein incorporated by reference (in accordance with those conditions espoused by the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994)).

(*Id.*) The parties further agreed that: "[T]his Court dismisses this matter with prejudice . . . and this Court hereby retains jurisdiction over this matter for purposes of enforcing the Confidential Settlement and Mutual General Release Agreement." (*Id.*)

As of April 1, 2015, Defendants owe $51,500.00 in overdue payments. (Pl.'s Mot. at 2.) Defendants' last payment was made and received in October 2014, and no payments have been made since. (*Id.*) On April 17, 2015, Plaintiffs filed a Motion to Enforce Settlement Agreement for the outstanding amount owed, totaling $51,500.00, plus appropriate fees. (*Id.*)

## LEGAL STANDARD

Generally, federal courts do not possess the authority to enforce settlement agreements unless there is some independent basis for federal subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 382. That authority is left for the state courts. *Id.* However, a federal court possesses authority to retain jurisdiction over a settlement contract if all parties to the litigation consent. *Id.* at 381-82.

## ANALYSIS

In *Kokkonen*, the Supreme Court held that "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal - either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order," then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). In this case, the parties stipulated that the Court would retain jurisdiction to enforce the

2

Settlement Agreement. (Def's Ex. B at 1.) Defendants argue that "once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). However, *Jessup* also stated that "[t]here must be a deliberate retention of jurisdiction" to avoid "[a]n unconditional dismissal [that] terminates federal jurisdiction." *Id.* (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1188-89 (7th Cir. 1985)). Here, there was a deliberate retention of jurisdiction.

In *Lynch*, the Seventh Circuit stated that a district court has no jurisdiction over a settlement agreement in a dismissed case, "unless [the agreement] is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (*meaning that the suit has not been dismissed with prejudice*)." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489-90 (7th Cir. 2002) (emphasis added). The court in *Lynch* also stated that a judge's retention of jurisdiction over the settlement in an order dismissing the case with prejudice has "no significance" and "[h]aving dismissed the entire litigation, the court had no jurisdiction to do anything further." *Id.* at 489. Thus, once a settlement agreement has been dismissed with prejudice, there is no longer jurisdiction to enforce it.

However, a more recent Seventh Circuit decision described the issue in *Lynch* and other cases as "whether a district court, in dismissing a suit because the parties have settled, *and failing as in this case to reserve jurisdiction to resolve issues arising from the settlement agreement*, can nevertheless entertain a suit to enforce the settlement even if there is no federal jurisdictional basis (such as diversity) separate from the basis for federal jurisdiction in the original suit." *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 637 (7th Cir. 2010) (emphasis added) (citing *Kokkonen*, 511 U.S. at 381-82; *Kay v. Board of Education of City of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008); *Lynch*, 279 F.3d at 489-90). Here, the agreement is embodied in a

3

judicial order ("[t]he terms of the 'Confidential Settlement and Mutual General Release Agreement' . . . is embodied in this stipulation of dismissal and is herein incorporated by reference"), and the stipulation expressly reserves jurisdiction in this Court to enforce the terms of the agreement. Therefore, under *Kokkonen*, the Court has "ancillary jurisdiction to enforce the agreement," even though the case was dismissed with prejudice. *Kokkonen*, 511 U.S. at 381.

Plaintiff requests a judgment of $51,500.00 against all three Defendants. Defendants respond that, under the terms of the Agreement, only Charles R. Feldstein and Co., Inc. is liable to Plaintiff. The Agreement states: "Charles R. Feldstein and Co., Inc. shall pay Plaintiff a total of One Hundred and Seventy Thousand Dollars ($170,000.00) (the Settlement Amount"). . . [t]he Settlement Amount represents the total monies (and/or other benefits or consideration) to be paid or tendered in settlement of all claims. No interest shall be paid or owed by Defendants on the Settlement Amount." (Def's Ex. B at 8.) By its plain terms, the Agreement only requires Charles R. Feldstein & Co., Inc. to make payments. Plaintiff argues that the plural "defendants" is recited as the obligators in the Agreement but does not point to any portion of the Agreement where this is stated (nor has the Court found such a provision). A settlement agreement is enforced as a contract, and where, as here, the parties are not diverse, state law applies. *See Lynch*, 279 F.3d at 489 (citations omitted). Under Illinois law, "[w]hen the language of a contract is clear, a court must determine the intent of the parties solely from the plain language of the contract." *Premier Title Co. v. Donahue*, 765 N.E.2d 513, 516 (Ill. App. Ct. 2002). By the plain language of the Agreement, only Charles R. Feldstein & Co., Inc. is required to make payments to Plaintiff.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Enforce Settlement Agreement [50] is granted in part and denied in part. A judgment of $51,500.00 plus appropriate fees is hereby entered against Charles R. Feldstein & Co., Inc. Plaintiff's Motion to Enforce Settlement Agreement against Charles R. Feldstein and James F. Feldstein individually is denied. The parties shall submit an agreed judgment order within fourteen days.

Date: August 12, 2015

_____
JOHN W. DARRAH
United States District Court Judge