UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL H. SINGER, | ) |
|       Plaintiff, | ) Case No. 11-cv-8771 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHARLES R. FELDSTEIN & | ) |
| COMPANY, INC., *et al.*, | ) |
|       Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Singer filed a Motion to Enforce the Settlement Agreement [50] against Defendants Charles R. Feldstein & Company, Inc.; Charles R. Feldstein; and James F. Feldstein. The motion was granted as to Defendant Charles R. Feldstein & Company, Inc. and was denied as to the individual Defendants. Defendant Charles R. Feldstein & Company, Inc. (the "Defendant") has filed a Motion for Reconsideration [68] of that ruling. That Motion [68] is denied.

### **BACKGROUND**

On December 9, 2011, Plaintiff filed a lawsuit against Defendants, alleging violations of the Employee Retirement Income Security Act of 1974 and breach of contract. (Dkt. 1.) Subsequently, on November 15, 2012, Defendants executed a "Confidential Settlement and Mutual General Release Agreement" (the "Agreement"), whereby Defendants agreed to make an initial payment to Plaintiff in the sum of $30,000.00, followed by twenty-eight (28) monthly payments to begin on February 28, 2013. (Dkt. 54, Exh. A.) The Agreement also stipulated that the parties agreed for this Court to retain jurisdiction to enforce the terms of the Agreement.

Shortly thereafter, on March 19, 2013, all parties to the litigation filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Dkt. 48) In the Stipulation, the parties stated that:

> The terms of the "Confidential Settlement and Mutual General Release Agreement" executed between the parties is embodied in this stipulation of dismissal and is herein incorporated by reference (in accordance with those conditions espoused by the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994)). To that end, it is stipulated and agreed to by the parties that this Court shall retain jurisdiction to enforce the terms of the "Confidential Settlement and Mutual General Release Agreement."

(*Id.*) The parties further agreed that: "[T]his Court dismisses this matter with prejudice . . . and this Court hereby retains jurisdiction over this matter for purposes of enforcing the Confidential Settlement and Mutual General Release Agreement." (*Id.*)

On April 17, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement for the outstanding amount owed, totaling $51,500.00, plus appropriate fees. (Dkt. 50.) On August 23, 2015, that Motion was granted as to the company but denied as to the individual Defendants. (Dkts. 62, 64.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party must file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).[1] "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry

---

[1] Defendant does not specifically ask for relief pursuant to Rule 59(e), but it is the applicable rule.

of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).[2]  A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court stated that "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal−either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order," then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381.  *Kokkonen* provides for ancillary jurisdiction in order "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Id.* at 379-80 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)).

Defendant argues that the holding in *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487 (7th Cir. 2002), is unambiguous.  In *Lynch*, the Seventh Circuit stated that a district court has no jurisdiction over a settlement agreement in a dismissed case, "unless [the agreement] is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice)." *Lynch*, 279

---

[2] Defendant does not claim that there has been newly discovered evidence in this case. Therefore, only the first factor will be evaluated.

F.3d at 489-90. The court in *Lynch* also stated that a judge's retention of jurisdiction over the settlement in an order dismissing the case with prejudice has "no significance" and "[h]aving dismissed the entire litigation, the court had no jurisdiction to do anything further." *Id.* at 489. In *Jessup*, the court stated that "once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). However, *Jessup* also noted that "[t]here must be a deliberate retention of jurisdiction" to avoid "[a]n unconditional dismissal [that] terminates federal jurisdiction." *Id.* (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1188-89 (7th Cir. 1985)).

However, the Seventh Circuit later described the issue in *Lynch* and other cases as, "whether a district court, in dismissing a suit because the parties have settled, *and failing as in this case to reserve jurisdiction to resolve issues arising from the settlement agreement*, can nevertheless entertain a suit to enforce the settlement even if there is no federal jurisdictional basis (such as diversity) separate from the basis for federal jurisdiction in the original suit." *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 637 (7th Cir. 2010) (emphasis added) (citing *Kokkonen*, 511 U.S. at 381-82; *Kay v. Board of Education of City of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008); *Lynch*, 279 F.3d at 489-90).

In cases cited by Defendant, there was no stipulation to reserve federal jurisdiction or incorporation of the settlement into an order. In *Grossinger Motorcorp., Inc. v. Thomas*, No. 11 C 5608, 2013 WL 1787825 (N.D. Ill. Apr. 25, 2013), a minute entry was docketed, which stated: "Pursuant to stipulation of parties, this case is dismissed with prejudice. Case is closed." *Grossinger*, 2013 WL 1787825 at *1. In *Morisch v. United States*, 709 F. Supp. 2d 672 (S.D. Ill.

4

2010), there was "nothing in the record of this case to suggest that the Court intended to retain jurisdiction to enforce the settlement." *Morisch*, 709 F. Supp. 2d at 675.

Defendant also cites *Hope Sch., Inc. v. Woodside Twp.*, No. 05-CV-3153, 2009 WL 1707958 (C.D. Ill. June 12, 2009), which contained a dismissal with prejudice where the stipulation contained language incorporating the settlement agreement and retaining jurisdiction. *Hope Sch.*, 2009 WL 1707958 at *1. The court in *Hope School* discussed *Kokkonen* and subsequent cases analyzing that decision at length, before deciding that the more recent Seventh Circuit cases, especially *Lynch*, required more than "retaining jurisdiction language to allow enforcement jurisdiction." *Id*. at *3-7. However, since *Hope School* was decided, the Seventh Circuit distinguished *Lynch* on the basis that the parties in *Lynch* failed "to reserve jurisdiction to resolve issues arising from the settlement agreement." *Arrow Gear*, 629 F.3d at 637.

. Here, the agreement is embodied in a judicial order ("[t]he terms of the 'Confidential Settlement and Mutual General Release Agreement' . . . is embodied in this stipulation of dismissal and is herein incorporated by reference"), and the stipulation expressly reserves jurisdiction in this Court to enforce the terms of the agreement. Therefore, under *Kokkonen*, the Court has "ancillary jurisdiction to enforce the agreement," even though the case was dismissed with prejudice. *Kokkonen*, 511 U.S. at 381.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration [68] is denied.

Date: _____November 4, 2015_____  

JOHN W. DARRAH
United States District Court Judge

5