UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PAUL H. SINGER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 11-cv-8771 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CHARLES R. FELDSTEIN & CO., INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul H. Singer, filed a Motion for Entry of Judgment against Defendant, Charles Feldstein & Co., Inc., seeking to enforce a settlement agreement entered into between the two parties and asking for attorney's fees. For the reasons stated below, Plaintiff's Motion for Entry of Judgment [78] is granted in part and denied in part.

## BACKGROUND

On December 9, 2011, Singer filed an action against Feldstein and two individual Defendants, alleging violations under the Employee Retirement Income Security Act and a breach of contract. On November 15, 2012, the parties reached an agreement and executed a "Confidential Settlement and Mutual General Release Agreement" (the "Agreement"). *Id.* Defendants agreed to pay Plaintiff a total of $170,000, consisting of a $30,000 initial payment with the remaining balance in twenty-eight, monthly payments of $5,000. Defendants paid part of the amount but failed to pay the remaining balance of $66,500. Plaintiff filed a Motion to Enforce Settlement Agreement, which was granted against Feldstein but denied against the individual Defendants. On September 3, 2015, the parties initially agreed to a Proposed Agreed

1

Judgment order for the remaining balance. However, Defendant then filed a Motion to Reconsider whether the Court had jurisdiction to enforce the Agreement. The Motion to Reconsider was denied and Defendant was ordered to pay the remaining amount, $66,500. Plaintiff has now moved for the remaining amount as, well as $8,000 in attorney's fees, representing the fees incurred as a result of seeking to enforce the Agreement.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs − other than attorney's fees − should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under the American rule, "each litigant pays his own attorney's fees, unless a statute or contract provides otherwise." *Baker Botts v. ASARCO LLC.*, 135 S. Ct. 2158, 2164 (2015). While the general rule "is that attorney's fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery." *Signorile v. Quaker Oats Company*, 449 F.2d 142, 145 (7th Cir. 1974). One exception to the general rule is in a "civil contempt action occasioned by willful disobedience of a court order." *Walker v. Columbia Broadcasting System, Inc.*, 443 F.2d 33, 35 (7th Cir. 1971).

## ANALYSIS

Plaintiff argues attorney's fees may be assessed because Defendant did not comply with the March 19, 2013 order, entering the stipulation of dismissal and settlement agreement. Defendant argues that there is no basis for attorney's fees, as nothing in the Agreement provides for attorney's fees. However, Plaintiff seeks fees under the Court's civil contempt power. "A court's civil contempt power rests in its inherent limited authority to enforce compliance with

2

court orders and ensure judicial proceedings are conducted in an orderly manner." *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). "[T]o be held in civil contempt, [a party] must have violated an order that sets forth in specific detail an unequivocal command from the court." *Dowell*, 257 F.3d at 699. "Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). "[A]ttorney's fees may be awarded in contempt proceedings at the court's discretion." *Id.* (citing *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981)).

As previously held in the ruling on the Motion to Enforce Settlement Agreement, the Agreement was embodied in a judicial order. The Agreement provided for a specific schedule of payments that Defendant did not comply with. When the "parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order," then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). By failing to comply with the Agreement, Defendant violated the order. Therefore, attorney's fees are appropriate to compensate Plaintiff for his losses as a result of this conduct.

However, while Defendant's Motion to Reconsider did delay enforcement, there is nothing to show that the motion was intended to disregard a court order. Nor was Defendant's Motion to Reconsider frivolous. *See Magnus Elecs., Inc. v. Masco Corp.*, 871 F.2d 626, 630 (7th Cir. 1989) ("A motion to reconsider is frivolous if it contains no new evidence or arguments of

3

law that explain why the [district judge] should change an original order that was proper when made.") Therefore, while attorney's fees are appropriate to compensate Plaintiff for bringing and defending his Motion to Enforce Settlement Agreement, they are not appropriate for Defendant's Motion to Reconsider.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Entry of Judgment [78] is granted in part and denied in part. Defendant shall pay the $66,500 balance remaining under the Agreement. Plaintiff shall submit a proposed order for attorney's fees relating to his Motion to Enforce Settlement Agreement, which shall include evidentiary support for the amount requested.

Date:     March 30, 2016             *[signature: John L. Darrah]*